**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4246**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

FAYSURI VILLAMIL,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:13-cr-00277-BO-1)

─────────────

Submitted:  November 21, 2014    Decided:  November 26, 2014

─────────────

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Yvonne V. Watford-McKinney, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Faysuri Villamil pled guilty to wire fraud, in violation of 18 U.S.C. § 1343 (2012). The district court sentenced her to a Guidelines sentence of thirty months' imprisonment. Villamil appeals, claiming that the district court failed to adequately explain its reasons for denying her request for a downward variance. We vacate and remand for further proceedings consistent with this opinion.

In explaining a sentence, the district court is not required to "robotically tick through . . . every subsection [of 18 U.S.C. § 3553(a) (2012)], particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). However, the court "must place on the record an 'individualized assessment' based on the particular facts of the case before it . . . [that] provide[s] a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)) (internal citation and footnote omitted).

Villamil argued at sentencing that a downward variance was warranted because her conviction subjected her to deportation, which would result in great hardship to her, and because she had a good work history and no criminal record.

Although the district court mentioned some of these issues during its questioning of Villamil, the court gave no indication why it rejected her arguments for a downward variance and selected the sentence it did, other than the statement that the chosen sentence was within the Guidelines range. This statement is insufficient to provide an individualized explanation of the chosen sentence.

Accordingly, we vacate Villamil's sentence and remand for further proceedings consistent with this opinion. We express no opinion about the merits of Villamil's request for a variance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>